# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

JACQUELINE CRUZ,

           Plaintiff,

-vs-                              Case No.  2:07-cv-429-FtM-29DNF

BANK OF AMERICA CORPORATION,

           Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 23)** |
| **FILED:** | **November 5, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**.

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 25)** |
| **FILED:** | **November 21, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      The parties filed a Joint Motion for Approval of Settlement Agreement (Doc. 25). The Plaintiff,

Jacqueline Cruz and the Defendant, Bank of America Corporation are requesting that the Court

approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss this case. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores , Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed by the Defendant as a bank teller. (See, Doc. 18). The Plaintiff was represented by counsel throughout this litigation. The Plaintiff claims that she was owed overtime wages for a total of 940 hours at an hourly rate of $11.00. She calculated that she was owed approximately $15,510.00 in overtime and back wages arguing that her time records were altered or

reduced.   After lengthy discussions with the Defendant regarding time records and job duties, the Plaintiff confirmed that $1,000.00 resolves her claims in full without compromise.  (See, Doc. 25, p. 3).   The parties have agreed to settle the FLSA claim for $1,000.00. The settlement provides that the Plaintiff's counsel will receive $4,000.00 in attorney's fees and costs.  This amount is based upon 12.06 hours at a rate of $300.00 per hour, and $475.00 in costs.[1]   The Court finds that this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the District Court grant the Parties' Joint Motion for Approval of Settlement Agreement (Doc. 25).  Further, it is respectfully recommended that the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.   The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __27th__ day of November, 2007.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1]  An in-depth analysis of an attorney fee request is not necessary in FLSA cases unless it is unreasonable on the face of the documents.  *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. 2007) (quoting *Perez v. Nationwide Protective Servs.,* Case No. 6:05-cv-328-Orl-22JGG (Oct. 31, 2005)).  In the instant case, the attorney fee request is not unreasonable on its face.